McMullen 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00281-CV







Andy J. McMullen, Appellant



v.



Employees Retirement System of Texas and Blue Cross


and Blue Shield of Texas, Inc., Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 94-14230, HONORABLE PETE LOWRY, JUDGE PRESIDING







 Andy J. McMullen appeals from a district-court judgment affirming a final order issued by
the Board of Trustees of the Employees Retirement System of Texas following a contested case. We will
affirm the order and the district-court judgment.



THE CONTROVERSY


 McMullen's young son Aaron had reading difficulties and was examined by Dr. Leonard
R. White, an optometrist who specialized in visual development. Dr. White recommended that Aaron be
fitted with eyeglasses and that he undergo a course of "vision therapy" to develop his inadequate
"neurological skills." The therapy was medically necessary, in Dr. White's opinion, because Aaron's reading
difficulties resulted from "an inability of the brain to coordinate and integrate what is seen into appropriate,
meaningful, and timely response." The recommended therapy consisted of eye training and exercises aimed
at developing appropriate neurological "patterns." Dr. White fitted Aaron for eyeglasses and performed
the recommended therapy.

 McMullen is a state employee and Aaron is an insured under a group insurance policy
issued by Blue Cross and Blue Shield of Texas, Inc., under the terms of the Texas Employees Uniform
Group Insurance Benefits Act (the "Act"), a statute administered by the Board as trustee. See Tex. Ins.
Code Ann. art. 3.50-2 (West 1981 & Supp. 1996). Blue Cross refused to pay McMullen's claim for the
sums he paid Dr. White for the eyeglasses and therapy. After a contested-case hearing, the Board denied
the claim in a final order affirmed by the district court. See Act art. 3.50-2, § 4B; Beyer v. Employees
Retirement Sys., 808 S.W.2d 622, 625-26 (Tex. App.--Austin 1996, writ denied). This appeal ensued.



DISCUSSION AND HOLDINGS


 The scope of our review of the Board's order is that provided for cases of "substantial
evidence" review under the terms of the Administrative Procedure Act. See Tex. Gov't Code Ann. §
2001.174 (West 1995) ("APA"); Act art. 3.50-2, § 4B(d). That is to say, we may not reverse the Board's
order unless the agency record demonstrates that McMullen's substantial rights have been prejudiced by
the Board's committing one of the errors listed in section 2001.174(2)(A)-(F) of the APA. And we must
uphold the order on any legal basis shown in the record even if the Board gave an erroneous legal basis
for its decision. See Railroad Comm'n v. City of Austin, 524 S.W.2d 262, 279 (Tex. 1979); Texas
Employment Comm'n v. Hays, 360 S.W.2d 525, 527 (Tex. 1962).

 We believe the ultimate issue on appeal may be discussed under McMullen's fourth point
of error in which he contends the Board's decision, that Dr. White's services came within a policy exclusion,
is not supported by substantial evidence. The relevant evidence is undisputed concerning the nature of the
services provided by Dr. White. We have summarized that evidence above. The ultimate issue is whether
the Board erred in its conclusions of law that Dr. White's services came within the following exclusion from
coverage set out in the Blue Cross policy:



Benefits are not payable for the services and supplies listed below:


* * * 


F. Treatment of myopia and other errors of refraction; orthoptics or visual training;
radial keratotomy; eyeglasses including contact lenses, or examinations for the
prescription or fitting thereof; or examinations for purpose of determining visual acuity.



(Emphasis added.) Dr. White's services in connection with Aaron's eyeglasses were in our view expressly
and unambiguously excluded from coverage, as the Board determined in conclusion of law three. We turn
to the Board's conclusion of law four in which the Board determined that Dr. White's "vision therapy
treatments" came within the exclusion of "orthoptics or visual training."

 The Board, as trustee, is empowered by statute to prepare the coverage specifications in
group policies made under the Act. See Act art. 3.50-2, § 4(a). In adjudicating the contested case, the
Board had the undoubted power to determine as a matter of law the meaning of its chosen words
"orthoptics or visual training" as they are used in the policy exclusion. As in the case of an agency's
interpretation of its own regulations or a statute entrusted to the agency's administration, we believe the
Board's interpretation of the policy exclusion is entitled to judicial respect regarding any uncertainty and
should be upheld if the interpretation is a reasonable one. Cf. Railroad Comm'n v. Shell Oil Co., 161
S.W.2d 1022, 1027-28 (Tex. 1942) (agency's interpretation of its regulation); Calvert v. Kadane, 427
S.W.2d 605, 608 (Tex. 1968) (agency interpretation of statute); Pacific Employers Ins. Co. v. Brannon,
242 S.W.2d 185, 189 (Tex. 1951) (agency interpretation of statute).

 We believe the term "orthoptics or visual training," while broad, is not ambiguous. In
ordinary usage, the word "orthoptics" means "the treatment or the art of treating defective visual habits,
defects of binocular vision, and muscle imbalance . . . by reeducation of visual habits, exercise and visual
training." Webster's Third International Dictionary 1595 (Philip B. Grove ed., 1986). Dr. White
described in almost the same terms the visual therapy he provided Aaron. (1) We cannot conclude the
Board's interpretation, being in accord with ordinary usage, is unreasonable. We therefore overrule
McMullen's fourth point of error.

 In McMullen's first point of error, he complains the Board improperly placed upon him the
burden to prove that his claim did not come within the policy exclusion. In point of error three, he
complains the Board disregarded a proper stipulation made by the parties in the course of the contested
case--a stipulation limiting the controversy to whether Dr. White's services came within the meaning of the
policy exclusion. We hold the errors assigned in points of error one and three did not prejudice McMullen
because the evidence was undisputed regarding the particulars of Dr. White's therapy and we have
determined the lawfulness of the Board's order as the alleged stipulation required. Absent prejudice to
McMullen's substantial rights, we may not reverse the Board's order. APA § 2001.174(2).

 In McMullen's second point of error, he complains the district judge neglected, after proper
request, to file findings of fact and conclusions of law. We hold the district judge did not err. His review
was confined to the agency record and, save for circumstances not applicable here, he was forbidden to
receive evidence. See APA § 2001.175(e). Thus there existed no evidence from which the judge could
infer facts and no occasion to give any fact findings legal effect through conclusions of law. We overrule
the second point of error.

 In McMullen's fifth point of error, he complains of the cumulative effect of the errors he
assigns in points of error one through four. We have found those assignments to be without merit. We
therefore overrule point of error five.

 We affirm the Board order and the district-court judgment.



 


 John Powers, Justice


Before Justices Powers, Aboussie and Jones


Affirmed


Filed: November 20, 1996


Publish
1.   The therapy consisted of five parts, as follows: (1) "gross motor" activities requiring
Aaron to use large muscles and body parts to develop neurological "patterns" for
coordinating the body's senses; (2) "monocular" therapy to develop neurological "patterns"
for performance of monocular vision skills; (3) "sensory integration" or integration of visual-physical performance skills; (4) "binocular" therapy to develop neurological "patterns" that
result in the use of both eyes simultaneously; and (5) "binocular ranges" or developing
ranges and latitudes to secure sustained visual activity over a respectable period of time. 



/EM> Act art. 3.50-2, § 4(a). In adjudicating the contested case, the
Board had the undoubted power to determine as a matter of law the meaning of its chosen words
"orthoptics or visual training" as they are used in the policy exclusion. As in the case of an agency's
interpretation of its own regulations or a statute entrusted to the agency's administration, we believe the
Board's interpretation of the policy exclusion is entitled to judicial respect regarding any uncertainty and
should be upheld if the interpretation is a reasonable one. Cf. Railroad Comm'n v. Shell Oil Co., 161
S.W.2d 1022, 1027-28 (Tex. 1942) (agency's interpretation of its regulation); Calvert v. Kadane, 427
S.W.2d 605, 608 (Tex. 1968) (agency interpretation of statute); Pacific Employers Ins. Co. v. Brannon,
242 S.W.2d 185, 189 (Tex. 1951) (agency interpretation of statute).

 We believe the term "orthoptics or visual training," while broad, is not ambiguous. In
ordinary usage, the word "orthoptics" means "the treatment or the art of treating defective visual habits,
defects of binocular vision, and muscle imbalance . . . by reeducation of visual habits, exercise and visual
training." Webster's Third International Dictionary 1595 (Philip B. Grove ed., 1986). Dr. White
described in almost the same terms the visual therapy he provided Aaron. (1) We cannot conclude the
Board's interpretation, being in accord with ordinary usage, is unreasonable. We therefore overrule
McMullen's fourth point of error.

 In McMullen's first point of error, he complains the Board improperly placed upon him the
burden to prove that his claim did not come within the policy exclusion. In point of error three, he
complains the Board disregarded a proper stipulation made by the parties in the course of the contested
case--a stipulation limiting the controversy to whether Dr. White's services came within the meaning of the
policy exclusion. We hold the errors assigned in points of error one and three did not prejudice McMullen
because the evidence was undisputed regarding the particulars of Dr. White's therapy and we have
determined the lawfulness of the Board's order as the alleged stipulation required. Absent prejudice to
McMullen's substantial rights, we may not reverse the Board's order. APA § 2001.174(2).

 In McMullen's second point of error, he complains the district judge neglected, after proper
request, to file findings of fact and conclusions of law. We hold the district judge did not err. His review
was confined to the agency record and, save for circumstances not applicable here, he was forbidden to
receive evidence. See APA § 2001.175(e). Thus there existed no evidence from which the judge could
infer facts and no occasion to give any fact findings legal effect through conclusions of law. We overrule
the second point of error.

 In McMullen's fifth point of error, he complains of the cumulative effect of the errors